UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Petitioner,

v.     Case No. 8:07-mc-64-T-23MAP

DOUGLAS PFEIFFER,

        Respondent.
_____/

## ORDER

This cause is before the Court *sua sponte*. The government has petitioned the Court asking it enforce an Internal Revenue Service administrative summons issued to Respondent to aid in the collection of tax liabilities for David T. Bosset for the tax periods ending December 31, 1996, through December 31, 2000, and the promotor penalty for 2005 (doc. 1, ex. 1. ¶ 2). On October 19, 2007, I issued an order directing Respondent to appear before me on December 19, 2007, and to demonstrate why he should not be compelled to comply with the summons (doc. 2).[1]

Respondent, acting *pro se,* sent a letter to me indicating that he may not be able to appear at the hearing on December 19, 2007. The letter, which was not filed with the Court, is not considered a responsive pleading and will not be considered by the Court. If Respondent desires a continuance of the hearing scheduled for December 19, 2007, at 1:30 p.m., he should file a motion to that affect reciting his reasons and he should indicate alternative dates that he is available for the hearing. In any event, a continuance is only appropriate for good cause.

---

[1] This matter is referred to me pursuant to Local Rule 6.01(c)(11).

Respondent should mail the motion to the Clerk of Court, United States District Court, Middle District of Florida, Tampa Division, Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

The order to show cause directed Respondent to file and serve a written response to the Petition within ten days of its receipt.  The order warned that "[o]nly those issues raised by motion or responsive pleading shall be considered by the Court, and any uncontested allegations in the Petition shall be deemed admitted."  "To obtain judicial enforcement of an Internal Revenue Service summons, the government must show: (1) the IRS investigation is being conducted for a proper purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed.  *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Medlin,* 986 F.2d 463, 466 (11th Cir. 1992).  The government can satisfy its *Powell* burden simply by presenting a sworn affidavit of the agent who issued the summons attesting to these facts.  *Medlin,* 986 F.2d at 466.  Once the IRS makes this showing, the burden shifts to the party contesting the summons to disprove at least one of *Powell's* four elements.  Alternatively, the protesting party could convince the court that the judicial enforcement would constitute an abuse of the court's process.  *Id.*  In any event, the burden on the contesting party is a heavy one which requires allegations of specific facts and the introduction of evidence.  *United States v. Leventhal,* 961 F.2d 936, 939 (11th Cir. 1992).

Accordingly, it is

ORDERED:

1.  The Respondent be directed appear before me on December 19, 2007, at 1:30 p.m. in

Courtroom 11B, Sam M. Gibbons United States Courthouse, 810 N. Florida Avenue, Tampa, Florida 33602 as set forth in my previous order.

 2. If Respondent is unable to appear at the above time and place, he should file a motion to continue the hearing as set forth herein.

 3. The Government shall arrange for the United States Marshals Service or an official of the Internal Revenue Service or a private process server to serve upon Respondent a copy of this Order and make due return to this Court.

 IT IS SO ORDERED at Tampa, Florida on November 28, 2007.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Douglas Pfeiffer, *Pro Se*
18211 Oaklawn Drive
Spring Hill, Florida 34610

Hon. Steven D. Merryday